Case 1:09-cv-22645-UU Document 1 Entered on FLSD Docket 09/04/2009 Page 1 of 8

FILED by _____ D.C.
ELECTRONIC
**September 4, 2009**
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CILIA RODRIGUEZ, Individually, and
ALEXANDER LOPEZ, Individually, and all
persons similarly situated,

    Plaintiffs,

v.

**09-CV-22645-UNGARO/SIMONTON**

NIAGARA CLEANING SERVICES, INC, a
Florida for Profit Corp., ANGELICA
RESTREPO, Individually, and HECTOR
MESA, Individually,

    Defendants.
_____/

## COMPLAINT

COME NOW the Plaintiffs, CILIA RODRIGUEZ (*hereinafter* "RODRIGUEZ"), ALEXANDER LOPEZ (*hereinafter* LOPEZ), and all persons similarly situated (*hereinafter collectively* "PLAINTIFFS"), by and through undersigned counsel, sue the Defendants, NIAGARA CLEANING SERVICES, INC, a Florida for Profit Corp., ANGELICA RESTREPO, Individually, and HECTOR MESA, Individually, (hereinafter collectively "DEFENDANTS"), and declares and avers as follows:

1. PLAINTIFFS and all persons similarly situated are employees and/or former employees of DEFENDANTS. PLAINTIFFS bring this action for overtime compensation, failure to pay minimum wage, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* (*hereinafter* referred to as the "FLSA") and Fla. Stat. §448.08.

2. RODRIGUEZ and LOPEZ are residents of Miami-Dade County, Florida, and are within



the jurisdiction of this Court.

3. NIAGARA CLEANING SERVICES, INC. is a Florida for-profit corporation that operates in Miami-Dade County and hired PLAINTIFFS to work in Miami-Dade County and/or Broward County, Florida. NIAGARA CLEANING SERVICES is within the jurisdiction of this Court.

4. ANGELICA RESTREPO, individually, is a Miami-Dade County resident. RESTREPO is an officer of NIAGARA CLEANING SERVICES, had supervisory authority over PLAINTIFFS, and exercised control over PLAINTIFFS' wages. RESTREPO is within the jurisdiction of the Court.

5. HECTOR MESA, individually, is a Miami-Dade County resident. MESA is an officer of NIAGARA CLEANING SERVICES, had supervisory authority over PLAINTIFFS, and exercised control over PLAINTIFFS' wages. MESA is within the jurisdiction of the Court.

6. DEFENDANTS are employers and/or joint employers of PLAINTIFFS under the FLSA.

7. Venue is proper 28 U.S.C. §1391, *et seq.,* and specifically under 28 U.S.C. §1391(b) and 28 U.S.C. §1391(c) as this is not a diversity action.

8. This action is brought to recover unpaid overtime compensation, unpaid wages, liquidated damages, lost wages, costs, and reasonable attorneys' fees, as well as for declaratory and injunctive relief and unpaid wages and other relief as provided by law, under the provisions of the FLSA, 29 U.S.C. §201, *et seq.,* and specifically under 29 U.S.C. §216(b) and §448.08 Fla. Stat.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §1337, 28 U.S.C. §1367, and by 29 U.S.C. §216(b).

10. At all times pertinent to this Complaint, DEFENDANTS were engaged in interstate commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the Act, 29



HANKIN SATOR
ATTORNEYS AT LAW

U.S.C. §203(r) and 203(s).

11. Upon information and belief, the annual gross sales volume of DEFENDANTS was in excess of $500,000.00 per annum.

12. DEFENDANTS are subject to the requirements of the FLSA.

13. DEFENDANTS are the employer of PLAINTIFF within the meaning of "employer" as found in FLSA 29 U.S.C. §203(d).

14. PLAINTIFFS are/were housekeepers, laundry workers and dishwasher employees, and/or banquet servers for hotels that subcontracted workers from DEFENDANTS.

15. PLAINTIFFS worked in excess of forty (40) hours per work week, but did not receive time and a half wages for her hours worked in excess of forty (40) within a work week.

16. PLAINTIFFS were not paid all the hours they worked for DEFENDANTS. PLAINTIFFS believe there is a pattern and practice of refusing to pay employees for hours worked because many of them have had similar experiences on not getting paid by DEFENDANTS for hours worked.

17. PLAINTIFFS were told that DEFENDANTS had a policy of not paying overtime for hours worked over 40 each week.

18. Due to the positions while employed, PLAINTIFFS are individually covered under the FLSA.

19. DEFENDANTS willfully and recklessly denied the correct compensation to PLAINTIFFS, who should have been paid for each hour worked and overtime for hours worked over forty (40) per week in conformity with the federal regulations.

20. PLAINTIFFS are entitled to be paid time and one-half of regular hourly rate (calculated in accordance with the federal regulations) for each hour worked in excess of forty (40) hours per



work week for which they have yet to be compensated.

21. PLAINTIFFS are entitled to be paid for each hour worked for which they have yet to be compensated.

22. ANGELICA RESTREPO and other employees of DEFENDANTS told employees they were not entitled to overtime, only straight time for hours worked over 40 hours a week.

23. DEFENDANTS often characterized the wages on PLAINTIFFS' checks as separate jobs with less than 40 hours a pay period in order to keep PLAINTIFFS from requesting overtime and to keep overtime compensation from PLAINTIFFS.

24. DEFENDANTS failed to keep accurate records of what it paid its employees and how it calculated the wages owed in an effort to keep from having to pay overtime compensation.

25. In a previous case filed against DEFENDANTS, *Cubides v. Niagara Cleaning Services, Inc.*, Case No. 08-22884, DEFENDANTS provided inaccurate Quickbooks records to establish Cubides damages. The Quickbooks records did not correspond with the checks maintained by Cubides. It is apparent that Defendants are attempting to rewrite history with regard to payment of overtime and unpaid wages – an act that further establishes the egregiousness and willfulness of the violations of the FLSA.

26. By reason of the intentional, willful and unlawful acts of DEFENDANTS, PLAINTIFFS suffered damages, plus incurred costs and attorneys' fees.

27. PLAINTIFFS retained undersigned law firm and agreed to pay the firm reasonable attorneys fees and costs for its services.

28. As a result of DEFENDANTS' willful violations of the Fair Labor Standards Act, as alleged above, PLAINTIFFS are entitled to liquidated damages.



## COUNT I: RECOVERY OF OVERTIME COMPENSATION

29. PLAINTIFFS adopt the allegations contained in paragraphs 1 through 28, above.

WHEREFORE, PLAINTIFFS, RODRIGUEZ and LOPEZ and all persons similarly situated, demand judgment against NIAGARA CLEANING SERVICES, INC, a Florida for Profit Corp., ANGELICA RESTREPO, Individually, and HECTOR MESA, Individually for declaratory relief, unpaid overtime payments due them for the hours worked by them for which they have not been properly compensated, plus an equal amount in liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT II: RECOVERY OF FAILURE TO PAY MINIMUM WAGE

30. PLAINTIFFS adopt the allegations contained in paragraphs 1 through 28, above.

WHEREFORE, PLAINTIFFS, RODRIGUEZ and LOPEZ and all persons similarly situated, demand judgment against NIAGARA CLEANING SERVICES, INC, a Florida for Profit Corp., ANGELICA RESTREPO, Individually, and HECTOR MESA, Individually for declaratory relief, unpaid minimum wage due them for the hours worked by them for which they have not been compensated, plus an equal amount in liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT III: UNPAID WAGES

31. PLAINTIFFS adopt the allegations contained in paragraphs 1 through 28, above.

32. RODRIGUEZ and all persons similarly situated were not paid for every hour worked.

33. RODRIGUEZ complained that she was not paid for each hour worked, but


HANKINS & ATOR
ATTORNEYS AT LAW

DEFENDANTS refused to review the hours and told RODRIGUEZ that her hours were correct and that they would not change the hours worked.

WHEREFORE, PLAINTIFF, RODRIGUEZ seeks declaratory relief, unpaid wages for the hours worked by them for which she has not been properly compensated, prejudgment and post-judgment interest, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT IV: LATE PAYMENT OF WAGES

34. PLAINTIFFS adopt the allegations contained in paragraphs 1 through 28, above.

35. While working at a hotel, RODRIGUEZ was asked to fix a room toilet by a hotel supervisor. She told the hotel supervisor did not have the skills to fix the toilet.

36. Upon learning of her refusal to fix the toilet, the Niagara Supervisor told RODRIGUEZ that she was required to do anything requested of her by the hotel supervisors – even if it meant she had to use her hands to fix the toilet.

37. Following being reprimanded for not fixing a toilet as requested by a hotel supervisor, and in retaliation for such, RODRIGUEZ began receiving her paychecks late on a regular basis.

38. The FLSA requires prompt payment of wages. A wage becomes unpaid when it is not paid on the day wages are ordinarily paid, on payday.

39. RODRIDGUEZ was damaged by DEFENDANTS failure to pay wages on the day the wages are ordinarily paid and seeks damages under the FLSA for such late payment.

WHEREFORE, PLAINTIFF, RODRIGUEZ seeks declaratory relief, liquidated damages for the late payment of wages earned, prejudgment and post-judgment interest, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.


HANKINS & TATOR
ATTORNEYS AT LAW

*Rodriguez et al. v. Niagara Cleaning Services, Inc. et al.*
Complaint
Page 7 of 7

deems just and proper.

## JURY TRIAL DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

HANKINS & ATOR, PL
Attorneys for PLAINTIFFS
371 North Royal Poinciana Blvd.
Miami Springs, Florida 33166
www.hankinsator.com

By: *[signature]*
Jennifer L. Ator
jja@hankinsator.com
Florida Bar No. 0120911
Robyn S. Hankins
rsh@hankinsator.com
Florida Bar No. 0008699


Jennifer Hill
jhill@fiacfla.org
Florida Bar No. 0041151
Co-Counsel for PLAINTIFFS
Florida Immigrant Advocacy Center
3000 Biscayne Blvd., Suite 400
Miami, Florida 33137



09-CV-22645-UNGARO/SIMONTON

Case 1:09-cv-22645-UU Document 1 Entered on FLSD Docket 09/04/2009 Page 8 of 8

FILED *GM* D.C.
ELECTRONIC
September 4, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed**

## I. (a) PLAINTIFFS
CILIA RODRIGUEZ, Individually and ALEXANDER LOPEZ, Individually, and all persons similarly situated,

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jennifer J. Ator, Esquire
HANKINS & ATOR, PL
371 N. Royal Poinciana Blvd
Miami Springs, FL 33166

## DEFENDANTS
NIAGARA CLEANING SERVICES, IN... Corp., ANGELICA RESTREPO, Individ...

County of Residence of First Listed Defendant: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09cv22645 - UNGARO/Simonton

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO
JUDGE
DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 9/4/09

FOR OFFICE USE ONLY
AMOUNT 350- RECEIPT # 1007918 IFP