UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22645-CIV-UNGARO/SIMONTON

CILIA RODRIGUEZ, et al.,

    Plaintiffs,

v.

NIAGARA CLEANING SERVICES, INC.,

    Defendant.
_____/

### ORDER GRANTING, IN PART, PLAINTIFFS' EMERGENCY MOTION TO SHORTEN THE TIME TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Presently pending before the Court is Plaintiffs' Emergency Motion to Shorten the Time to Respond to Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for Production of Documents (DE # 31). Defendant has filed an Expedited Response in opposition to the Motion (DE # 34) and the Motion has been referred to the undersigned Magistrate Judge (DE # 32). A hearing was held on the Motion on January 4, 2010. At the conclusion of the hearing, the undersigned granted the Motion in part, as set forth in this Order.

This matter was initiated when Plaintiffs filed an action against the Defendants alleging violations of the Fair Labors Standards Act, 29 U.S.C. § 201, et seq. ("FLSA")(DE # 1). According to the Amended Complaint, Plaintiffs were subcontracted as housekeepers, laundry workers and other hotel hospitality employees to various hotels by the Defendant, but were not properly compensated for work completed in excess of forty hours a week as required by the FLSA (DE # 19).

The Plaintiffs moved for Certification of a Collective Action (DE # 6) and the Court granted their Motion in part, and directed the Defendants to provide Plaintiffs with a list

of all putative class members' names and addressees who had been employed by the Defendants to provide hospitality-related work during the relevant time period by December 16, 2009 (DE # 25).  In Response to the Order, the Defendants provided the Plaintiffs with a thirty-eight page Vendors List which included the names of approximately 1900 putative class members and provided the addresses for nearly 2/3 of those listed on that List. *See* (DE # 31, pgs. 12-49).

Plaintiffs then served the Defendants with their First Set of Interrogatories and Request for Production of Documents wherein the Plaintiffs sought to obtain the addresses that were not supplied in the Vendors' List, and sought the production of the W4 and/or W9 IRS forms for each putative plaintiff on the Vendors' List for whom an address was not provided (DE #31).  Plaintiffs also filed the instant Emergency Motion requesting the Court to shorten the Defendants' response time to the discovery requests so that the potential plaintiffs could be notified of the action and file their consent to join forms by April 16, 2010, the filing deadline set by the Court in its Order granting Plaintiffs' Motion for Certification of a Collective Action.

On January 4, 2010, the undersigned held a hearing on the Motion, wherein counsel for the Defendants stated that through the Vendors List, the Defendants had provided the Plaintiffs with all of the address information for the employees in the Defendants' possession and asserted that the List had been compiled, in part, from data contained in the employees' W4 and W9 IRS forms.  In addition, Defendants' counsel contended that the nature of the Defendants' business was such that many of the Defendants' employees would perform a job but never return to the employer to provide the complete information for the W4 or W9 forms, including the employee's address. Defendants' counsel also stated that the Defendants had concerns about producing

private information to the Plaintiffs for people who were not parties to this litigation which might ultimately be filed in the public record.

Based upon the Parties' arguments and the record as a whole, and as stated at the hearing, the undersigned concludes that although Plaintiffs' "Emergency" Motion is not an emergency in light of the April 16, 2010 consent to join deadline date, Plaintiffs are entitled to discover the addresses of the putative class members' who are listed on the Defendants' Vendor's List as mandated by the Court's December 3, 2009 Order. Thus, as ordered at the hearing, Defendants shall provide responses to Plaintiffs' discovery requests on an expedited basis and shall provide W4 and/or W9 IRS forms for putative class members listed on the Vendors' List whose addresses have not been provided to the Plaintiffs.  However, in order to protect the privacy of those employees, the social security numbers and any other personal information contained on the produced W4 of W9 forms shall only be used for litigation purposes in this matter and shall not be disclosed by Plaintiffs to any other entities unless necessary for the prosecution of this action.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Emergency Motion to Shorten the Time to Respond to Plaintiffs' First Set of Interrogatories and Plaintiffs' First Request for Production of Documents (DE # 31) is **GRANTED, in part**.  The Defendant shall provide responses to Plaintiffs' First Set of Interrogatories on or before Friday, January 8, 2010. The Defendants shall identify in the response to the Interrogatories each document relied upon in providing the requested information to the Plaintiffs.  It is further

**ORDERED AND ADJUDGED** that Defendants shall respond to Plaintiffs' First

Request for Production of Documents on or before Friday, January 8, 2010 by providing copies of the W4 and/or W9 IRS Forms for those persons listed on the Defendants' Vendor's List whose addresses have not otherwise been produced to the Plaintiffs. It is further

**ORDERED AND ADJUDGED** that any information contained in the W4 and/or W9 IRS forms produced to the Plaintiffs is restricted and shall only be used for purposes of litigating the instant action.

**DONE AND ORDERED** in chambers in Miami, Florida on January 4, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
　　United States District Judge
All counsel of record