**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-22645-CIV-UNGARO/SIMONTON**

**CILIA RODRIGUEZ, et al.,**

       **Plaintiffs,**

**v.**

**NIAGARA CLEANING SERVICES, INC.,**

       **Defendant.**

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR COMPLIANCE**
**WITH THE COURT'S ORDER REQUIRING PRODUCTION OF**
**ALL PUTATIVE CLASS MEMBERS' NAMES AND ADDRESSES**
**AND MOTION FOR SANCTIONS PURSUANT TO RULE 37(b)**

Presently pending before the Court is Plaintiffs' Motion for Compliance with the

Court's Order Requiring Production of All Putative Class Members' Names and

Addresses and Motion for Sanctions (DE #72).  The Defendants have filed a Response in

opposition to the Motion (DE # 79), and the Plaintiffs have replied (DE # 86).  The Motion

has been referred to the undersigned Magistrate Judge (DE # 73).

      **I.**      **BACKGROUND**

This matter was initiated when Plaintiffs Cilia Rodriguez and Alexander Lopez,

individually and on behalf of all persons similarly situated, filed an action against

Defendants Niagara Cleaning Services, Inc., Angelica Restrepo and Hector Mesa,

individually, alleging violations of the Fair Labors Standards Act, 29 U.S.C. § 201, et seq.

("FLSA")(DE # 1).  According to the Amended Complaint, the Plaintiffs were

subcontracted as housekeepers, laundry workers and other hotel hospitality employees

to various hotels by the Defendant Niagara Cleaning Services, Inc. ("Niagara") but were

not properly compensated for work completed in excess of forty hours a week as

required by the FLSA (DE # 19).

The Plaintiffs moved for Certification of a Collective Action (DE # 6) and on December 3, 2009, the Court granted their Motion in part, and directed the Defendants to provide Plaintiffs with a list of all putative class members' names and addressees who had been employed by the Defendants to provide hospitality-related work during the relevant time period by December 16, 2009 (DE # 25).[1]  In Response to the Order, the Defendants provided the Plaintiffs with a thirty-eight page Vendors List which included the names of approximately 1900 putative class members and provided the addresses for approximately two-thirds of those persons on that list. *See* (DE # 31, pgs. 12-49).

The Plaintiffs then served the Defendants with their First Set of Interrogatories and Request for Production of Documents wherein the Plaintiffs sought to obtain the additional addresses that were not supplied in the Vendors' List, and sought the production of the W4 and/or W9 IRS forms for each putative plaintiff on the list for whom an address was not provided (DE #31).  The Plaintiffs also filed an Emergency Motion requesting the Court to shorten the Defendants' response time to the discovery requests so that the potential plaintiffs could be notified of the action and file their consent to join forms by April 16, 2010, the filing deadline set by the Court in its Order granting Plaintiffs' Motion for Certification of a Collective Action.

On January 4, 2010, the undersigned held a hearing on the Plaintiffs' Motion to expedite responses and ordered the Defendants to provide responses to Plaintiffs' discovery requests and to provide W4 and/or W9 IRS forms for putative class members listed on the Vendors' List whose addresses have not been provided to the Plaintiffs by

---

[1]  As of the date of this Order, there are thirty-three Plaintiffs in this action; Cilia Rodriguez and Alexander Lopez, the original Plaintiffs, and thirty-one additional Plaintiffs who have now joined this action.

January 8, 2010 (DE # 41).

      The Defendants timely complied with the Court's Order and provided the Plaintiffs with an additional 123 addresses and 91 W-4 forms for the potential plaintiffs.  Seven weeks later, the Plaintiffs filed the Motion at bar.

      II.    <u>THE POSITIONS OF THE PARTIES</u>

      The Plaintiffs have filed the instant Motion for Compliance requesting that this Court order the Defendants to comply with the Court's Orders requiring the Defendants to provide address information pertaining to potential plaintiffs (DE # 72).  In the Motion, the Plaintiffs assert that despite this Court's December 3, 2009 Order directing the Defendants to provide Plaintiffs with the names and addresses of all putative plaintiffs, and the undersigned's January 4, 2010 Order directing the Defendants to provide additional addresses and information for those putative plaintiffs, the Defendants have still failed to provide accurate and complete addresses for the potential plaintiffs. Specifically, the Plaintiffs contend that of the 1405 addresses that were provided by the Defendants, 539 of the opt-in notices mailed to those workers were returned to the Plaintiffs' counsel stamped "return to sender." Thus, the Plaintiffs state that they have only received approximately 900 addresses of the 2000 people who worked for the Defendants who are potential plaintiffs in this matter.

      In support of their position, the Plaintiffs assert that they served their Second Request for Production on December 21, 2009 and in response in February, received 1400 pages of material which included four contracts with various hotels which required Defendant Niagara to maintain the identification and other relevant information as to each worker who performed services at the hotel.  Also, the Plaintiffs allege that each worker was required to fill out an application with references and employment history

prior to working at the hotels. The Plaintiffs therefore now seek the entire personnel files for the potential plaintiffs.  In addition, the Plaintiffs seek sanctions against the Defendants for their alleged failure to comply with the Court Orders on this issue and also seek attorneys' fees and costs associated with bringing the instant Motion.  Finally, the Plaintiffs request a stay in this matter until the addresses of all of the putative plaintiffs are provided.

The Defendants respond that they have provided all of the information in their possession that the Court required them to produce in the December 3, 2009 Order.  In addition, the Defendants argue that the fact that many of the letters sent out by the Plaintiffs to the addresses provided by the Defendants were returned as "return to sender" is not due to the Defendants' failure to provide proper addresses, but rather is a reflection of the transient nature of the putative plaintiffs.  In support of their position, the Defendants have submitted the Affidavit of Angelica Restrepo, the President and Director of Niagara Cleaning Services (DE # 79-3).  In the Affidavit, Ms. Restrepo states that the Defendants "have provided all the names and addresses which are in [Defendants'] custody or control and have complied with the Court's Order to the extent of the information [Defendants] have."  Ms. Restrepo also states that a substantial number of the laborers are "casual laborers" or "day laborers" and that the Defendants only have names of those persons necessary to make out paychecks for them, and thus no questionnaire, application, address, or tax documentation is maintained for them. For those laborers, Ms. Restrepo states that the Defendants have provided the best addresses they have, and did not update addresses for those workers after they stopped providing contracted labor services to the Defendants.

In addition, the Defendants have submitted a Notice of Serving Joint Answers to

4

"Plaintiff's First Set of Interrogatories to Defendants" (DE # 79-1).  The Answer to Interrogatory No. 1 states that the Defendants have produced all of the W4 and W9 forms in their custody or control for persons listed on the "Vendor List" whose addresses were not previously provided to the Plaintiffs.  The Answer is accompanied by a sworn statement signed by Angelica Restrepo attesting that the Answers to the Interrogatories are true and correct to the best of her knowledge.

In their Reply, the Plaintiffs, in essence, assert that they do not believe that the Defendants do not have additional and/or correct addresses for the putative plaintiffs, particularly since the contracts between the Defendants and the hotels where the workers worked required the Defendants to maintain contact information for the workers.

III.   ANALYSIS

After a careful review of the Parties' submissions and the record, the Plaintiffs' Motion is denied because there is no evidence that the Defendants failed to comply with a Court Order or that the Defendants have additional information regarding the addresses of the putative plaintiffs that they have failed to disclose.  The Plaintiffs have not contradicted the Affidavit submitted from Ms. Restrepo which states that the Defendants have provided all of the names and addresses which are in the Defendants' custody or control.  The fact that contracts between certain hotels and the Defendants required the Defendants to maintain information regarding the addresses of the workers, does not mean that the Defendants either maintained such information or are currently in possession of those addresses.  Similarly, correspondence returned to the Plaintiffs' Counsel and stamped as "return to sender" for "insufficient address" or "no such number" does not mean that the Defendants provided addresses that were different than

5

what the Defendants have in their records.  The Defendants were not required by this Court to verify the addresses provided by the workers or to continue to update information related to those workers.  If the Plaintiffs have reason to believe that the Defendants are withholding information that is kept in their records, the Plaintiffs should depose the records custodian of the corporation or a Corporate Representative in an effort to uncover evidence that the Defendants have failed to turn over information in their possession pertaining to the potential plaintiffs.  However, at this time, there is no evidence that the Defendants have failed to provide all of the addresses contained on the Vendor's List as required by the Court's December 3, 2009 and January 4, 2010 Orders. Also, the Plaintiff's request for the entire personnel records for all potential plaintiffs, if there are any, is clearly overbroad and provides Plaintiffs with information that is beyond the scope of either of the Court Orders on this issue.  Thus, the Plaintiffs' Motion to Compel is denied, but may be renewed if the Plaintiffs discover a basis for asserting that the Defendants have not complied with the required disclosure.

In addition, the undersigned notes that the Plaintiffs' request is untimely to the extent it seeks addresses never produced by the Defendants in response to the Court's January 4, 2010 Order.  Specifically, in early December, the Defendants were ordered by the Court to provide the Plaintiffs with a list of all putative class members' names and addresses who had been employed by the Defendants.  In response, the Plaintiffs received 38 PDF pages with 2000 names and 1281 addresses.  As stated above, the Plaintiffs then served their First Request for Production of Documents seeking additional information related to the incomplete addresses of the workers, and on December 18, 2009, requested the Court to shorten the time for the Defendants to respond to the discovery requests so that the Plaintiffs could comply with the Court's April 16, 2010 cut-

off date for adding Parties to the action.  The Court set an expedited response date to the Plaintiffs' Motion for December 23, 2010, and, after a hearing, issued an order on January 4, 2010, directing the Defendants to provide the Plaintiffs with the responses to the First Discovery Requests by January 8, 2010.  The Plaintiffs state that on January 8, 2010, the Defendants provided an additional 123 addresses and 91 W-4 forms.

Thus, accepting the Plaintiffs' assertions as true, as of January 8, 2010, the Plaintiffs were aware that nearly five hundred addresses in the Defendants' possession had not been provided by the Defendants as required by the Court's Order.  However, the Plaintiffs waited over seven weeks before seeking relief on this issue and did not file a Motion regarding those potential plaintiffs until March 3, 2010.  Local Rule of Civil Procedure 26.1 H requires that all motions related to discovery, including motions to compel, be filed within thirty days of the occurrence of grounds for the motion.  Under that Rule, the failure to timely file a motion may constitute waiver of the relief sought unless the party shows reasonable cause for not filing the motion within the thirty days. In this case, the Plaintiff has not offered any reason for not timely filing a motion to compel the production of the addresses for the workers for which no address was ever provided.  Such a timely filing was of particular significance under these facts because the opt-in deadline date set by the Court was April 16, 2010.

Therefore, although not the basis for the undersigned's ruling, the Plaintiffs have also failed to timely file a motion to compel and thus have waived their right to compel the Defendants' disclosures.

IV.  <u>CONCLUSION</u>

Based on the foregoing, and after a thorough review of the record, the Plaintiffs' Motion for Compliance With the Court's Order Requiring Production of All Putative Class

7

Members' Names and Addresses and Motion for Sanctions (DE #72) is **DENIED.**

**DONE AND ORDERED** in chambers in Miami, Florida on April 13, 2010.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record

8