UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22645-CIV-UNGARO/SIMONTON

CILIA RODRIGUEZ, et al.,

    Plaintiffs,

v.

NIAGARA CLEANING SERVICES, INC.,

    Defendant.
_____/

**ORDER GRANTING BY DEFAULT PLAINTIFFS' MOTIONS TO COMPEL RESPONSE TO THIRD PARTY SUBPOENAS DUCES TECUM WITHOUT DEPOSITION TO HEAFEY/BENTLEY MANAGEMENT, LLC. & SHERATON OPERATING CORPORATION**

    Presently pending before the Court are Plaintiffs' Motion to Compel Response to Third Party Subpoena Duces Tecum Without Deposition to Heafey/Bentley Management, LLC., (DE # 66) and Motion to Compel Response to Third Party Subpoena Duces Tecum Without Deposition to Sheraton Operating Corporation (DE # 67). The Third Parties have not filed a response to the respective Motions and the time for doing so has elapsed. The Motions have been referred to the undersigned Magistrate Judge (DE # 70).

    This matter was initiated when Plaintiffs Cilia Rodriguez and Alexander Lopez, individually and on behalf of all persons similarly situated, filed an action against Defendants Niagara Cleaning Services, Inc., and Defendants Angelica Restrepo and Hector Mesa, individually, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (DE # 1). According to the Amended Complaint, Plaintiffs were subcontracted as housekeepers, laundry workers and other hotel hospitality employees to various hotels by Defendant Niagara Cleaning Services, Inc. ("Niagara") but were not properly compensated for work completed in excess of forty hours a week as required by the FLSA (DE # 19).

Plaintiffs have issued third party subpoenas to several of the hotels where Plaintiffs or putative plaintiffs were assigned to work by Defendants. Specifically, relevant to this motion, Plaintiffs issued third party subpoenas to Heafey/Bentley Management, LLC. ("Heafey") and Sheraton Operating Corporation ("Sheraton") seeking various documents related to the outsourcing of workers between the hotels and Defendant Niagara, including payment invoices, time records and emails discussing hiring, firing and payment of Niagara hospitality workers. Plaintiffs assert that each subpoena was properly served on each corporation but, as of February 19, 2010, neither hotel had provided documents responsive to the subpoenas.[1] According to Plaintiffs, Heafey did not respond to the subpoena at all, and while in January of 2010, a person from Sheraton contacted Plaintiffs' counsel and requested additional time in which to respond, since that time, Sheraton has not provided any responsive documents to Plaintiffs. Plaintiffs therefore now seek to compel compliance with the subpoenas.

In support of their request, Plaintiffs have submitted copies of the subpoenas served on each corporation, and have also submitted the Return of Service documents for each hotel indicating that Heafey was served though its Registered Agent on North Bayshore Drive in Miami, and Sheraton was served through its Registered Agent at CT Corporation System in Plantation, Florida. In addition, according to the Service Lists filed with the Motions to Compel on February 19, 2010, both corporations were served with their respective motions via Federal Express through the same registered agents.

---

[1] The subpoenas requested that Heafey and Sheraton either produce documents responsive to the items identified in the subpoenas at the office of the Plaintiffs' attorneys on January 7, 2009, or provide the documents prior to that time in lieu of appearance. The 2009 date on the subpoenas is clearly a scrivener's error because the instant action was not filed until September 4, 2009 and the subpoenas at bar were not issued until December 2009 and January 2010.

Thus, the records makes clear that both Third Parties received service of the Subpoena Duces Tecum and the instant Motions, yet have failed to respond to either. Accordingly, pursuant to Local Rule 7.1 C, the undersigned grants by default Plaintiffs' Motions to Compel.

Therefore, based on the foregoing, and after a thorough review of the record, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Response to Third Party Subpoena Duces Tecum Without Deposition to Heafey/Bentley Management, LLC., (DE # 66) and Plaintiffs' Motion to Compel Response to Third Party Subpoena Duces Tecum Without Deposition to Sheraton Operating Corporation (DE # 67) are **GRANTED by default**. Heafey/Bentley Management, LLC. shall respond to Plaintiffs' Subpoena Duces Tecum Without Deposition served on Heafey on January 4, 2010, within ten days from the date of service of this Order. Sheraton Operating Corporation shall respond to Plaintiffs' Subpoena Duces Tecum Without Deposition served on Sheraton on December 15, 2010, within ten days from the date of service of this Order. Plaintiffs' Counsel shall serve this Order via hand deliver to the registered agents of Heafey/Bentley Management, LLC. and Sheraton Operating Corporation within three (3) days from today's date.

**DONE AND ORDERED** in chambers in Miami, Florida on April 14, 2010.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record