UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22645-CIV-UNGARO/SIMONTON

**CILIA RODRIGUEZ, et al.,**

    **Plaintiffs,**

**v.**

**NIAGARA CLEANING SERVICES, INC.,**

    **Defendant.**

    _____/

### ORDER GRANTING, IN PART, AMENDED MOTION TO COMPEL RESPONSE TO THIRD PARTY SUBPOENA DUCES TECUM WITHOUT DEPOSITION TO THE RITZ CARLTON HOTEL COMPANY

Presently pending before the Court are the Plaintiffs' Motion and Amended Motion to Compel Response to Third Party Subpoena Duces Tecum Without Deposition to the Ritz Carlton Hotel Company (DE # 68, 74). The non-party Ritz Carlton Hotel Company, LLC. has filed an Opposition to the Amended Motion to Compel (DE # 81) and the Plaintiffs have filed a Reply (DE # 93). The Motions have been referred to the undersigned Magistrate Judge (DE # 70, 75). A hearing was held on the Amended Motion to Compel, wherein the undersigned Granted, in part, the Motion. This Order incorporates and sets forth the rulings made at the hearing.

    **I. Background**

This matter was initiated when thePlaintiffs Cilia Rodriguez and Alexander Lopez, individually and on behalf of all persons similarly situated, filed an action against the Defendants Niagara Cleaning Services, Inc., and Angelica Restrepo and Hector Mesa, individually, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (DE # 1). According to the Amended Complaint, Plaintiffs were subcontracted as housekeepers, laundry workers and other hotel hospitality employees to various

hotels by Defendant Niagara Cleaning Services, Inc. ("Niagara") but were not properly compensated for work completed in excess of forty hours a week as required by the FLSA (DE # 19).

On January 7, 2009, the Plaintiffs issued a non-party subpoena to the Ritz Carlton Hotel Company, LLC. ("Ritz"), the corporate head of several of the hotels where the Plaintiffs purportedly were assigned to work by the Defendants.[1] Specifically, through the subpoena, the Plaintiffs sought various documents related to the outsourcing of workers between the Ritz Hotels and Defendant Niagara, including payment invoices, time records and emails discussing hiring, firing and payment of Niagara workers.

On February 19, 2010, the Plaintiffs filed a Motion to Compel asserting that the Ritz had failed to provide any documents responsive to the subpoena. However, on March 8, 2010, the Plaintiffs filed an Amended Motion to Compel wherein Plaintiffs stated that although the Ritz provided certain documents in response to the subpoena, it failed to provide a number of documents including the time sheets for the individual Plaintiffs. In addition, the Plaintiffs contended that the Ritz failed to provide any emails in response to the subpoena, which the Plaintiffs assert was the primary method of communication between Niagara and the Ritz Hotels.

The Ritz, whose parent corporation is Marriott International, Inc., ("Marriott") filed an Opposition to the Plaintiffs' Amended Motion to Compel stating that a paralegal from the Ritz/Marriott had previously contacted Plaintiffs' Counsel regarding a response to

---

[1] The Plaintiffs also issued non-party subpoenas to two other hotel corporations, Heafey/Bentley Management, LLC., and Sheraton Operating Corporation, who failed to respond to the subpoenas. The Plaintiffs then filed Motions to Compel responses from both entities. The Motions were granted by the undersigned by default based upon those corporation's failure to file a response to the respective Motions (DE # 99).

the subpoena and was in the process of searching for responsive documents when the Plaintiffs filed the original Motion to Compel (DE # 81).  According to the Ritz, Plaintiffs' counsel was informed that some of the responsive documents were invoices that had been archived and that it would cost $100.00 for the Ritz to access and produce those archived invoices.  The Ritz further contended that the Plaintiffs advised the Ritz to produce only the non-archived invoices.[2]  In addition, the Ritz asserted that on March 4, 2010, it forwarded the Plaintiffs several hundred pages of responsive documents and that it does not have any additional documents responsive to the Plaintiffs' requests other than the archived documents.  In support of its position, the Ritz submitted an Affidavit from the managing paralegal of Marriott International in Bethesda, Md., Ms. Rein Blackwell-Moore, which stated that when Marriott received the Plaintiffs' subpoena, it contacted several hotels and other departments regarding a search for responsive documents (DE # 83).  Ms. Blackwell-Moore further stated that the Marriott provided all of the documents that were obtained from the searches to the Plaintiffs' Counsel.

      The Plaintiffs filed a Reply to the Motion wherein the Plaintiffs asserted that the Ritz's attempt to locate the requested documents was incomplete, and that it was insufficient for the Ritz to simply rely on a distant paralegal's certification that a search for the records was conducted (DE # 93).  Rather, Plaintiffs contend that the Ritz should have searched for the documents at the individual hotels.  Plaintiffs pointed to the documents produced by one of the Ritz Hotels for one employee, Alexander Lopez, as evidence that documents relevant to the Plaintiffs' requests generally are maintained by the Ritz hotels for each employee.

---

[2] At the hearing, the Parties advised the Court that the Plaintiffs have now requested the archived documents and will pay the costs of this production.

II. <u>Hearing on Motion</u>

At the hearing on the Plaintiffs' Amended Motion to Compel, Corporate Counsel for Marriott, who appeared telephonically, confirmed that after receiving the subpoena from the Plaintiffs, Marriott contacted Marriott Business Services ("MBS"), a separate entity charged with handling payments to outside vendors and maintaining a record depository for records pertaining to outside vendors. Marriot requested that MBS identify all of the Marriott-controlled hotels where Defendant Niagara's workers were assigned. According to Marriott Counsel, MBS identified four such properties: the Ritz Key Biscayne; the Marriott Doral; the Ritz South Beach; and, the Ritz Coconut Grove. Counsel for Marriott then directed that the Director of Finance, the Housekeeping Department and the Human Resources Department at each of those properties be contacted and that those entities search for documents related to the Defendant Niagara's workers. Marriott Counsel, however, stated that he was unaware of the exact documents held by each of those properties or how the searches were conducted at the individual hotels. Rather, Marriott Counsel merely stated that all of the documents obtained from the four hotel properties, and from MBS, were forwarded to the Plaintiffs in response to their request for production.

Thus, it remains unclear what documents are maintained by Marriott, what documents were searched by Marriott, the steps taken at the individual hotel properties in conducting the search for documents, and who specifically was responsible for overseeing the searches to ensure that a thorough search for all documents requested by the Plaintiffs was conducted. Absent such particular information, it is not possible to determine whether the Ritz conducted a complete and thorough search for the requested documents and/or have captured all of the relevant documents and produced the same

to the Plaintiffs.  Moreover, based upon the argument of Plaintiffs' counsel, it appears likely that the Ritz has responsive documents which were not provided.

### III. Conclusion

Therefore, based on the foregoing, and consistent with the undersigned's rulings made at the hearing, it is

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Compel Response to Third Party Subpoena Duces Tecum Without Deposition to the Ritz-Carlton Hotel Company, LLC, (DE # 68) is **DENIED, as moot.**  It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Amended Motion to Compel Response to Third Party Subpoena Duces Tecum Without Deposition to the Ritz-Carlton Hotel Company, LLC, (DE # 74) is **GRANTED, in part**.  On or before the close of business on Monday, May 3, 2010, the Ritz Carlton Hotel Company, or Marriott International on behalf of the Ritz, shall verify that all responsive documents have been produced and file a supplemental affidavit which provides details of the search that was performed in an effort to comply with the Plaintiffs' subpoena.  Specifically, the affidavit shall:

1. Describe with specificity how the time records at each of the Ritz Hotel properties in question are kept regarding the work performed by Niagara Cleaning Services, Inc., workers;

2. Describe the search that was conducted by the Ritz and/or Marriott and at the individual Ritz properties at issue, to locate records responsive to the Plaintiffs' requests, including identifying the person, by name and position, responsible for conducting the searches;

3. Describe with particularity what Marriott Business Services did with any records that were forwarded to MBS from either the Ritz Carlton Key Biscayne, the Marriott Doral, the Ritz Carlton South Beach, or the Ritz Carlton Coconut Grove relevant to the documents requested in the Plaintiffs' subpoena;

4. If Plaintiffs seek additional relief after the supplemental affidavit is filed, they may file a motion requesting such relief.

**DONE AND ORDERED** in chambers in Miami, Florida on April 23, 2010.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
    United States District Judge
All counsel of record