**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-22645-CIV-UNGARO/SIMONTON**

**CILIA RODRIGUEZ, et al.,**

        **Plaintiffs,**

**v.**

**NIAGARA CLEANING SERVICES, INC.,**

        **Defendant.**

_____/

<u>**ORDER ON DISCOVERY MOTIONS**</u>

        **Presently pending before the Court are Defendants' Motion to Compel Better Discovery Responses and Unredacted Copies of "Consents to Join" from Plaintiffs, and For Sanctions (DE # 77); Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents (DE # 91); Defendants' Motion for Protective Order pertaining to Plaintiffs' First Request for Inspection of Premises and Electronic Information to Ritz Coconut Grove (DE # 127) Plaintiffs' Motion to Compel Last Name and Last Known Address of Relevant Witnesses (DE # 142); and, Defendants' Motion for Protective Order From Duplicative Corporate Representative Deposition (DE # 146). The Parties have filed Responses to the respective Motions, excepting Defendants' Motion for Protective Order which was not filed until June 16, 2010. The Motions have been referred to the undersigned Magistrate Judge (DE ## 78, 92, 130, 143, 147).  A hearing was held on the Motions on June 21, 2010.[1]**

_____

        **[1] Plaintiffs' Motion to Compel Response to Third Party Subpoena Duces Tecum Without Depositions to DC Hotels, LLC and MDM Brickell Hotel Group, LTD. (DE # 121) and Plaintiffs' Motion to Compel Response to Third Party Subpoena Duces Tecum Without Depositions to ADP Totalsource FL. (DE # 125) were also heard at the June 21, 2010 hearing.  Those Motions were ruled on from the bench with their rulings memorialized by the undersigned in separate orders.**

Throughout the hearing, the undersigned ruled on several of the pending Motions. This Order incorporates the rulings made at that hearing, and rules on the remaining issues raised in those Motions.

### I. BACKGROUND

This is an FLSA case initiated by two Plaintiffs, Cilia Rodriguez and Alexander Lopez, against the Defendants Niagara Cleaning Services, Inc., Angelica Restrepo and Hector Mesa, individually, alleging violations of the Fair Labors Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") (DE # 1).  According to the Amended Complaint, the Plaintiffs were subcontracted as housekeepers, laundry workers and other hotel hospitality employees to various hotels by the Defendant Niagara Cleaning Services, Inc. ("Niagara") but were not properly compensated for work completed in excess of forty hours a week as required by the FLSA (DE # 19).  As of the date of this Order, there are thirty-five total Plaintiffs in this action; Cilia Rodriguez and Alexander Lopez, the original Plaintiffs, and thirty-three additional Plaintiffs who have now joined this action.

The discovery process in this FLSA matter has been relatively contentious thereby prompting the litigants to file multiple discovery motions.  Thus, upon setting a hearing on the outstanding discovery motions, the undersigned ordered the Parties to file a Joint Status Report prior to the hearing in an effort to streamline the issues presented to the Court for oral argument.  On May 24, 2010, the Parties filed a Joint Status Report on Outstanding Discovery Issues (DE # 135), which set forth the discovery issues that still remained in dispute between the Parties.  Thereafter, two additional discovery motions were filed: Plaintiffs' Motion to Compel Last Name and Last Known Address of Relevant Witnesses (DE # 142); and, Defendants' Motion for Protective Order From Duplicative Corporate Representative Deposition and Response in Opposition to

Plaintiffs' Motion to Compel Last Name and Last Known Address of Relevant Witness (DE # 146).  At the hearing, the Court heard argument from both Parties on all pending discovery motions.

II.  **PENDING MOTIONS**

A.  **Defendants' Motion to Compel Better Discovery Responses and Unredacted Copies of "Consents to Join" (DE # 77)**

Defendants filed this Motion seeking to compel the Plaintiffs to provide additional discovery related to a number of issues (DE # 77).  Plaintiffs filed an Opposition to the Defendants' Motion (DE # 90) and Defendants filed a Reply (DE # 94). However, as indicated in the Joint Status Report on Discovery, at the time of the hearing, the Parties had resolved several of the issues raised in that Motion and the only issues that remained were whether the Plaintiffs should be ordered to: 1) provide responses to the Defendants' discovery requests for all of the Plaintiffs including the opt-in Plaintiffs or just for the original Plaintiffs;  2) produce unredacted "Consent to Join" Forms, and 3) provide better answers to Defendants' Interrogatories Numbers 11 and 12.

1.  **Discovery Responses from Opt-In Plaintiffs**

In the Motion and at the hearing, the Defendants asserted that all opt-in Plaintiffs should be required to respond to the Defendants' discovery requests.  According to the Defendants, only five of the Plaintiffs in the action provided substantive responses to the Defendants' discovery requests and the Plaintiffs objected to providing discovery responses on behalf of the other opt-in Plaintiffs.

In Response, the Plaintiffs contended that discovery of each Plaintiff is not proper in this FLSA collective action, particularly when the Plaintiffs intend to introduce representative testimony of the Plaintiffs' claims at trial.  In addition, the Plaintiffs

argued that the Defendants' request for discovery from all Plaintiffs constituted harassment and was likely to alter class membership (DE # 77-3).  Further, the Plaintiffs asserted that the opt-in Plaintiffs would be unable to complete the discovery without the assistance of counsel and would effectively deter those Plaintiffs from pursuing this action.  The Plaintiffs did, however, agree to provide sworn statements from each Plaintiff providing information on the places and hours worked and a copy of a photo identification for each Plaintiff.

In addition, at the hearing, the Plaintiffs argued that they have already provided much of the information that the Defendants sought in their discovery requests and that the Plaintiffs objected to the other requested discovery because it is overly burdensome.

The Defendants argued that this is a highly individualized case and stated that the Defendants need to depose the individual Plaintiffs to, among other things, establish when the work week began for each of the Plaintiffs, which is information that is necessary for trial in this matter.  In addition, the Defendants argued that they are in need of other requested information about the Plaintiffs including prior law suits and criminal history because those things may provide evidence related to the Plaintiffs' credibility.

As stated at the hearing, for the following reasons, the undersigned finds the Defendants' arguments persuasive.  First, in this case, there are fewer than thirty opt-in Plaintiffs and the Plaintiffs have failed to demonstrate that it would be overly burdensome for the Plaintiffs to respond to the Defendants' discovery requests.  This is particularly so because the Defendants propounded relatively few interrogatories that requested relevant and basic information. In addition, the Defendants have provided legitimate reasons for needing this discovery.  The Defendants are clearly entitled to

4

know which hotels and for how many hours the Plaintiffs claim they worked.  In addition, prior involvement in other FLSA litigation may well be relevant to the allegations raised by a Plaintiff herein.  Thus, individual discovery for each of the Plaintiffs is appropriate in this matter. *Accord Daniel v. Quail Int'l*, 2010 WL 55941 (M.D. Ga. Jan. 5, 2010) (allowing individual discovery in 36 plaintiff FLSA action).  *But See Morales-Arcadio v. Shannon Produce Farms, Inc.*, 2006 WL 2578835 (S.D. Ga. Aug. 28, 2006) (denying defendants discovery on each of the 45 opt-in plaintiffs beyond the original 15 plaintiffs in FLSA action, where plaintiffs planned to use representative testimony and defendants failed to show need for additional discovery).

In addition, the Plaintiffs objected to the production of certain information related to the Plaintiffs' immigration status. The Plaintiffs contend that they should not have to provide any information related to the Plaintiffs' immigration status because such information is irrelevant to claims brought pursuant to the FLSA and also because producing such information will serve to dissuade certain Plaintiffs from pursuing this action.

The Defendants countered that such information is necessary to establish the identity of the Plaintiffs.  Specifically, the Defendants asserted that it is necessary to verify that each person who is a Plaintiff in this action is actually who they claim to be, that they have not worked under another name and that they have, in fact, worked for Niagara. However, at the hearing, the Defendant was unable to provide a reason why the identity of the Plaintiffs could not be established through the production of a government issued photo identification.

Further, as correctly pointed out by the Plaintiffs in their Opposition to the Defendants' Motion to Compel, courts that have examined this issue have nearly

unanimously found that defendants typically are not entitled to information related to the immigration status of plaintiffs seeking FLSA relief. *See Zeng Liu v. Donna Karan Int'l.*, 207 F. Supp.2d 191 (S.D.N.Y. 2002); *Villareal v. El Chile, Inc.*, 2010 WL 725557 (N.D. Ill. March 1, 2010). Rather, courts have held that the likely prejudice of allowing disclosure of the plaintiff's immigration status outweighs the benefits to the defendants, absent some particularized reason for the information. *See Romero-Hernandez v. Alexander*, 2009 WL 1809484 (N.D. Miss. June 24, 2009). The Defendants in this case have not provided any particular reason for needing information related to the Plaintiffs' status other than to ascertain the identity of the Plaintiffs. Therefore, in this case, the Defendants are not entitled to discovery which reflects the immigration status of the Plaintiffs. If however, during the course of discovery or of trial preparations the Defendants determine that additional information related to the immigration status is particularly relevant to this action, the Defendants may again seek relief from the Court in this regard. Thus, the Defendants' Motion to Compel on the issue of production of documents related to the Plaintiffs' immigration status is denied, without prejudice to refile based upon a good faith belief that information related to the Plaintiffs' immigration status is particularly relevant to this action.

## 2.   Unredacted Consent to Join Forms

Defendants have also requested that the Plaintiffs be compelled to produce unredacted consent to join forms which reveal the Plaintiffs' Social Security numbers. The Defendants argue that they are entitled to the Plaintiffs' Social Security numbers to establish identity and to also determine whether a worker worked under two different names but under only one Social Security number. The Defendants assert that this information is therefore significant in this FLSA case to calculate the number of hours

that one person worked in a given work week.

The Plaintiffs raised the same objections to the production of their Social Security numbers as they did for the production of information that revealed the Plaintiffs' immigration status.  Specifically, the Plaintiffs assert that revealing their Social Security numbers is another way for the Defendants to ascertain the Plaintiffs' immigration status and to effectively dissuade the Plaintiffs from pursuing this FLSA action for fear that they will be reported to the Immigration and Naturalization Service (INS) in retaliation for filing this action.

After hearing arguments from both Parties on this issue at the hearing, the undersigned stated that she would take this issue under advisement.  Based upon a review of the record as a whole and considering the arguments advanced by the Parties at the hearing, the undersigned concludes that under the specific facts of this case, the Plaintiffs should produce the unredacted copies of the Consent to Join Forms.  In particular, by all accounts, many of the Plaintiffs executed the Court-approved Consent to Join Forms which included a space for the Plaintiffs to provide their Social Security numbers.  The Plaintiffs then filed with the Court and produced to the Defendants the completed Consent to Join Forms with the Social Security information redacted from those forms. However, as stated above, the Consent to Join Forms were Court-approved in the Court's Order on Plaintiffs' Motion for Conditional Certification of an FLSA Collective Action issued on December 3, 2009 (DE # 25).  That Order incorporated the proposed Consent to Join Form submitted by the Plaintiffs in their Reply to the Motion for Conditional Certification and included a line for the prospective Plaintiffs' Social Security Number (DE # 20-2).  Similarly, the Plaintiffs' initial proposed Consent to Join Form submitted in the Motion for Conditional Certification also provided a space for the

7

Plaintiffs' Social Security number (DE # 6-5).  Thus, the Court-approved Consent to Join Form which requires the Plaintiffs to provide their Social Security Number was consented to by the Plaintiffs and is now part of the Court's Order regarding additional Plaintiffs joining this Action.  Accordingly, the Plaintiffs may not unilaterally alter the Court's Order by redacting portions of the Consent to Join Form.

Therefore the undersigned directs the Plaintiffs to provide the unredacted Consent to Join Forms to the Defendants.  However, the Social Security numbers of the Plaintiffs revealed in the "Consent to Join" forms may not be used by the Defendants or the Defendants' Counsel for any purpose outside of this litigation.

### 3.  Interrogatories 11 and 12

The Defendants seek to compel better answers to these two Interrogatories which were answered on behalf of the original five Plaintiffs: Cilia Rodriguez, Alexander Lopez, Diego Gonzalez, Vicky Lara and Delmy Corea.  Defendants asserted that the Plaintiffs failed to provide sufficient information requested in these Interrogatories.  Specifically, Interrogatory 11 requested the Plaintiffs to identify documents that supported the factual statements contained in the answers to interrogatories, and Interrogatory 12 requested that the Plaintiffs identify documents that support the allegations contained in the Amended Complaint.  The Plaintiffs objected that they could not fully answer these interrogatories because discovery was not complete and some of the information was in the control of the Defendants (DE # 77 at 10-12).  The Plaintiffs also objected to the use of legal terms and the request for any information related to the Plaintiffs' immigration status.  The Plaintiffs did respond by referring to certain documents for each of the five original Plaintiffs (DE # 77 at 11).  In those responses, the Plaintiffs referenced the applications filled out by the Plaintiffs and certain time sheets and tax records. The

8

Plaintiffs argue that they have sufficiently responded to the Interrogatories.  However, as discussed above, the Defendants are entitled to full answers to the discovery requests to the extent that the information disclosed in those responses do not require the Plaintiffs to provide information that discloses their immigration status.

### B.  Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents (DE # 91)

In the Joint Status Report on Outstanding Discovery Issues, the Parties indicated that several of the discovery disputes had been resolved based upon the agreement that the Defendants would provide additional responsive documents on or before June 2, 2010 (DE # 135 at 3).  At the hearing, the Plaintiffs asserted that the Defendants failed to provide the information by that date.  However, the Defendants stated that they had produced some documents and that they were willing to provide the remaining information that they had agreed to produce.  The Defendants shall therefore provide the agreed to information by noon on June 24, 2010.

As to the issues that the Parties stated remained in dispute, and consistent with the undersigned's rulings at the hearing on those issues, the Defendants shall provide supplemental responses to the Plaintiffs' discovery requests as follows:

### 1.  Interrogatories

Interrogatory No. 1 requested the identity and contact information for people having information about facts of this case.  In their Response to the Interrogatory, the Defendants only provided the names of the individual Defendants and generally referred to corporate representatives for the hotels where the Plaintiffs claimed to have worked. The Defendants failed to raise any objection to the Interrogatory and failed to provide a

9

sufficiently detailed response to this Request. However, at the hearing the Defendants stated that they had provided additional information in response to this request and had produced all of the names of the persons with knowledge of the facts of this action that were known to them.  Thus, the Defendants have no additional information to supplement this Interrogatory.  However, the Defendants shall nevertheless verify that they have identified the appropriate persons at the hotel properties where the Plaintiffs were dispatched, including those persons who, although not corporate representatives of the hotel, contacted or communicated with Niagara regarding the placement of Niagara workers at the particular hotel property.  If information regarding the names and addresses of those persons if discovered, the Defendants shall supplement their Response to this Interrogatory, accordingly.

Interrogatory No. 2 requested the substance of the knowledge that the witnesses identified in Interrogatory No. 1 have related to this action.  Again, the Defendants indicated that they provided additional information relevant to this request, however, to the extent that the Defendants supplement their answer to Interrogatory No. 1, they must also provide corresponding additional information responsive  to this Interrogatory.

Interrogatory No. 9 requests information about those persons who have custody or control over certain documents, photographs and other materials that contain relevant information to any fact raised in this case.  The Defendants failed to raise a proper objection to this request and failed to provide an adequate answer because they merely referred the Plaintiffs to the answer provided to Interrogatory No. 1 which was deemed to be inadequate.  However, at the hearing, the Defendants stated that they had provided all of the information they had regarding this Request. Thus, the Defendants shall again verify that any person with knowledge of any of the requested materials, has

been identified as required in interrogatory No. 1 and then identify those persons in response to this interrogatory, if appropriate by noon on Thursday, June 24, 2010. The identification of persons with knowledge of the documents relevant to this action should include, but is not limited to those persons who prepared employment applications, employment schedules and who were otherwise involved in the preparation or maintenance of documents that were used in providing the Plaintiffs to the hotel entities.

Similarly, Interrogatory No. 11 which requests the identity of other entities that the Defendant believes may have liability in this matter, was not answered by the Defendants in a meaningful way and the Defendants have not raised a valid objection to the request. Rather, the Defendants reiterated at the hearing that all of the hotels at which the Plaintiffs work could be liable in this action. Thus, as determined at the hearing, the Defendants, must provide the hotel names and addresses where the Plaintiffs, including the opt-in Plaintiffs, worked that the Defendants contend may have liability due to the work performed by the Plaintiffs at those properties. The Defendants must ensure that they supplement this Interrogatory to the extent that it provides additional information related to the hotel sites where the opt-in Plaintiffs worked.

### 2. Requests For Production

At the hearing, the Parties also indicated that they were unable to resolve certain issues related to the Plaintiffs' Request for Production of Documents. After hearing the arguments of the Parties on the unresolved issues, at the hearing, the Defendants were directed to respond to certain of the Plaintiffs' request for Production, as follows:

In response to Request for Production number 2, which requests any and all written or recorded statements about the Plaintiffs related to this lawsuit, the Defendants stated that they have no additional recorded statements other than those statements

11

made by the Plaintiffs on their work applications, which the Defendants have already produced to the Plaintiffs.  Thus, the issues raised in this Request are moot as the Defendants have produced all responsive documents.

In response to Request for Production Numbers 20 and 21 which seek information related to prior claims and law suits against the Defendants, the Defendants stated that all responsive documents were public record.  However, as stated at the hearing, the undersigned does not agree with the Defendants' assessment and moreover, the responsive documents are easily accessible to the Defendants.  Therefore, the Defendants must produce, prior to the Corporate Representatives' deposition, responsive documents.  However, the Defendants do not have to produce documents responsive to these requests if the plaintiffs in the action were represented by the Plaintiffs' Counsel herein.

In response to Request for Production Number 23, the Defendants must produce the contracts between the Defendants and the hotels or business where the invoices for the Plaintiffs worked, to the extent that those contracts have not already been provided.  Again, the Defendants must ensure that the contracts for the Opt-In Plaintiffs are also produced in response to this Request.

In Response to Request for Production Number 24, which requests copies of communications between the Defendants and third parties reflecting the duties and assignments of the hospitality workers provided by the Defendants to the hotels, the Defendants must produce communications regarding work performed by the Plaintiffs, including the Opt-In Plaintiffs as well as, communications related to the job assignments, duties, hours and compensation for those Plaintiffs.  These communications must only be produced for those hotel entities where no contract

12

between the Defendants and the hotels has been provided to the Plaintiffs.

### C. Defendants' Motion for Protective Order pertaining to Plaintiffs' First Request for Inspection of Premises and Electronic Information to Ritz Coconut Grove (DE # 127)

The Defendants filed this Motion seeking a protective order pertaining to the Plaintiffs' subpoena directed to a Third Party requesting to inspect the premises and electronic information at the Ritz Coconut Grove, a hotel where several of the Plaintiffs worked. Defendants argue that Plaintiffs are actually attempting to search a computer and a file cabinet belonging to Niagara that are housed at the Ritz Coconut Grove Hotel. Plaintiffs conceded that they want to create a mirror image of the hard drive of Niagara's computer and also search a file cabinet at the Ritz which the Plaintiffs did not  become aware of until the Defendants filed an affidavit in response to a Court Order regarding the initial subpoena issued to the Ritz (DE # 120-1 at 5). According to the Plaintiffs, Defendant Restrepo has indicated that she does not know the contents of the file cabinet but explained that the computer was used to collect sign in and out data for Niagara workers at the Ritz.

At the hearing, the Defendants contended that the information contained on the laptop and in the file cabinet at the Ritz were not relevant to the instant action although Counsel for the Defendant was unable to state what information was contained on the computer or in the file cabinet. In addition, the Defendants were unable to confirm definitively that the laptop and file cabinet had been searched in an effort to respond to the Plaintiffs' request for information related to this action. Further, at the hearing, the Plaintiffs' Counsel stated that in her deposition, Ms. Restrepo stated that the computer had been installed at the Ritz because of the difficulties the workers had in clocking in and out at that Hotel.

Accordingly, as ruled by the undersigned at the hearing, given that it is unclear whether the Defendants adequately searched the computer and file cabinet for possibly relevant information in response to the Plaintiffs' discovery requests, the Defendants must allow the Plaintiffs to inspect the computer and file cabinet.  To that end, the Parties are directed to conduct a joint examination of the computer and file cabinet on or before June 24, 2010.  Prior to that joint examination, the Defendants shall advise the Plaintiffs of the type of software on the computer and how it may be accessed.

### D. Plaintiffs' Motion to Compel Last Name and Last Known Address of Relevant Witnesses (DE # 142)

The Plaintiffs filed this Motion seeking to compel the Defendants to provide the last Name and last known address of two former employees of Niagara whose identities were made known to the Plaintiffs' Counsel on June 1, 2010 at the deposition of one of the Opt-In Plaintiffs.  The Defendants have objected to producing this information because they assert that the Plaintiffs' Counsel should have known about both witnesses prior to June 1, 2010 based upon conversations with the Plaintiffs.

However, the Defendants' argument fails because the Plaintiffs have requested the disclosure prior to the close of discovery and by all accounts requested the information almost immediately after the witnesses were identified.  In addition, the witnesses likely should have been disclosed by the Defendants in their responses to the Plaintiffs' discovery requests which included a request for the names and contact information of all persons who had knowledge of the facts of this case.  Thus, as ordered at the hearing, the Plaintiffs' Motion to Compel this information is granted.  The Defendants shall provide the last names and last known addresses of the two witnesses identified as "Susana" and "Marcelo" as identified in the Plaintiffs' Motion to Compel

(DE # 142) by noon on June 25, 2010.

          **E. <u>Defendants' Motion for Protective Order From Duplicative</u>**
          <u>**Corporate Representative Deposition(DE # 146)**</u>

        Defendants filed this Motion asserting that the Plaintiffs had already taken the deposition of the individual Defendants, Angelica Restrepo and Hector Mesa, in this matter who are the same people who are the Corporate Representatives for Niagara.  The Defendants contend that therefore allowing the Plaintiffs to proceed with the deposition of the Corporate Representative that was unilaterally scheduled by the Plaintiff for June 25, 2010, would improperly permit the Plaintiff to have a second opportunity to depose the same person twice in this action.

        The Defendants concede that neither of the individual Defendants was designated as the Niagara Corporate Representative at the time that their depositions were taken. Thus, as stated at the hearing, the Defendants have not identified and the undersigned is not aware of any rule that prevents a party from taking the deposition of a corporate representative simply because a deposition was previously taken of the same person as an individual defendant when that person was not identified as a corporate representative at the first deposition.  In other words, because neither Ms. Restrepo nor Mr. Mesa were designated as Niagra's Corporate Representative at the time of their individual depositions, they were not deposed in that capacity and cannot prevent the Plaintiffs from conducting the deposition of the Niagara Corporate Representative on that ground.  Therefore, the Defendant's Motion for Protective Order is DENIED.

        Accordingly, it is

        **ORDERED AND ADJUDGED** the Defendants' Motion to Compel better discovery Responses and Unredacted Copies of "Consents to Join" (DE # 77) is

**GRANTED, in part, and DENIED, in part**. The Plaintiffs shall provide discovery responses to the Defendants' discovery requests for all of the Plaintiffs, including the Opt-in Plaintiffs, to the extent that those requests do not require the Plaintiffs to provide information which reveals the Plaintiffs' immigration status. Rather, the Plaintiffs shall produce a government issued photo identification to the Defendants in order to establish their identities. To the extent that the Defendants' Motion to Compel seeks additional identifying information related to the Plaintiffs' immigration status, that request is denied without prejudice to renew if appropriate based upon the facts of this case. It is further

ORDERED AND ADJUDGED that the Plaintiffs shall produce unredacted copies of the Consent to Join forms to the Defendants. However, Plaintiffs' Social Security numbers produced to the Defendants is restricted and shall only be used for purposes of litigating the instant action. It is further

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Compel Responses to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents (DE # 91) **GRANTED, in part**, as set forth herein. It is further

ORDERED AND ADJUDGED that the Defendants' Motion for Protective Order pertaining to Plaintiffs' First Request for Inspection of Premises and Electronic Information to Ritz Coconut Grove (DE # 127) is **DENIED**. It is further

ORDERED AND ADJUDGED that the Plaintiffs' Motion to Compel Last Name and Last Known Address of Relevant Witnesses (DE # 142) is **GRANTED.** It is

ORDERED AND ADJUDGED Defendants' Motion for Protective Order From Duplicative Corporate Representative Deposition an Response in Opposition to

Plaintiffs' Motion to Compel Last Name and Last Known Address of Relevant Witness

(DE # 146) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on June 24, 2010.

_Andrea M. Simonton_

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record