UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22645-CIV-UNGARO/SIMONTON

CILIA RODRIGUEZ, et al.,

    Plaintiffs,
v.

NIAGARA CLEANING SERVICES, INC.,

    Defendant.
_____/

## ORDER ON DISCOVERY MOTIONS

Presently pending before the Court are Plaintiffs' Motion to Compel Responses and Documents to Plaintiffs' Fourth Set of Interrogatories and Fourth Request for Production to Defendants (DE # 156), Plaintiffs' Motion for Sanctions (DE # 161), Plaintiffs' Motion to Strike Defendants' Motion to Strike Parties and Dismiss with Prejudice (DE # 175), Plaintiffs' Motion to Strike DE 177 and DE 178 (DE # 191); and Defendants' Motion to Redact Exhibits (DE # 193).  The Parties have filed their respective responses to the Motions and the Motions have been referred to the undersigned Magistrate Judge (DE ## 158, 162, 194).  A hearing was held on the Motions on September 13, 2010, wherein the undersigned ruled from the bench on the pending Motions. This Order incorporates the rulings made at that hearing, and rules on any remaining issues raised in those Motions.

I. **BACKGROUND**

This action was initially brought by two-named Plaintiffs, Cilia Rodriguez and Alexander Lopez, against Defendants Niagara Cleaning Services, Inc., Angelica Restrepo and Hector Mesa, individually, alleging violations of the Fair Labors Standards Act, 29 U.S.C. § 201, et seq. ("FLSA")(DE # 1).  According to the Amended Complaint, the

Plaintiffs were subcontracted as housekeepers, laundry workers and other hotel hospitality employees to various hotels by the Defendant Niagara Cleaning Services, Inc. ("Niagara") but were not properly compensated for work completed in excess of forty hours a week as required by the FLSA (DE # 19). Over twenty-five other plaintiffs have now joined the action. The discovery deadline was June 25, 2010 and the matter is set for the two week trial period commencing November 8, 2010.

Prior to the Motions at bar being filed, the Parties previously filed a number of other discovery motions that were ruled on after a hearing was held before the undersigned. The rulings on those Motions were incorporated into an Order issued on June 24, 2010, which, among other things, directed Defendants to respond to Plaintiffs' Second Set of Interrogatories and Request for Production of Documents, as follows:

1. To provide hotel names and contact persons and information where Plaintiffs worked and/or that Defendants contend may be liable in this action;

2. To provide Contracts and invoices between Defendants and hotels where Plaintiffs worked, including for the opt-in Plaintiffs, and communications between same related to Plaintiffs' working conditions, compensation, etc.;

3. To conduct a joint examination with the Plaintiffs of the computer and file cabinet at the Ritz Carlton on or before June 24, 2010.

(DE # 150). Also in that Order, two Motions for Protective Order filed by Defendants related to the inspection of electronic information at the Ritz Coconut Grove and production of a corporate representative for deposition were denied.

Subsequent to that Order, various discovery motions, Plaintiffs' Motion for Sanctions and motions to strike as set forth above were filed by the Parties.

## II. **PENDING MOTIONS**

### A. Plaintiffs' Motion to Compel Responses and Documents to Plaintiffs' Fourth Set of Interrogatories and Fourth Request for Production

Plaintiffs filed this Motion to Compel asserting that the Defendants failed to provide any written objections or responses to Plaintiffs' Fourth Set of Interrogatories and Request for Production. Defendants filed a Response to the Motion (DE # 163) and Plaintiffs filed a Reply (DE # 173). In the Motion, Plaintiffs assert that Plaintiff's Fourth Set of discovery requests were served on Defendants on May 10, 2010 and allege that on June 18, 2010, Defendants produced documents responsive to Requests to Produce, but failed to respond at all to the Interrogatories. Plaintiffs assert that on June 25, 2010, after thoroughly reviewing the documents produced by the Defendants, Plaintiffs sent a pre-motion to compel letter to Defendants, and thereafter filed the instant Motion to Compel.

Defendants contend in their Response that Plaintiffs' Motion is untimely because it was filed after the discovery dead-line date of June 25, 2010 and because it was filed more than thirty days after the Defendants' produced documents responsive to Plaintiffs' Fourth set of discovery requests in violation of Local Rule 26.1.h.1. Defendants also assert that the discovery requests at issue seek information that is duplicative, unnecessary and designed to harass and oppress Defendants. Defendants further assert that Plaintiffs failed to confer with the Defendants in an effort to resolve this matter as ordered to by this Court in a July 19, 2010 paperless order (DE # 160).

Plaintiffs contend in their Reply that the discovery is relevant because the information requested would likely demonstrate whether Defendants are an enterprise, whether the Plaintiffs are covered individually under the FLSA, whether the Defendants

3

willfully violated the FLSA and whether there was an employee-employer relationship between Plaintiffs and the Defendants (DE # 173 at 3). Plaintiffs also contend that the Defendants failed to properly lodge timely objections to the requests because they did not respond to the Interrogatories at all, and only produced 1100 pages of documents without providing written responses to the Requests for Production.

As stated at the hearing, at the outset, the undersigned finds that Plaintiffs' Fourth Set of discovery requests and Motion to Compel were both timely. In particular, the discovery deadline date in this matter was set for June 25, 2010, pursuant to Judge Ungaro's Scheduling Order issued on January 11, 2010 (DE # 49). The Certificates of Service attached to Plaintiffs' Fourth Set of discovery requests reflect that the requests were served on May 10, 2010 (DE # 163-1). Thus, the discovery requests were timely served. Also, the Motion to Compel, which was filed on July 15, 2010 in response to Defendants' responses served on June 18, 2010, is timely because it was filed within the time prescribed in the applicable local rule (DE # 156).

Therefore, because the undersigned has determined that the Plaintiffs' Motion to Compel was timely filed, the Court proceeds, as it did at the hearing, to address the substantive claims raised in Plaintiffs' Motion. At the hearing, Counsel for the Defendants conceded that written responses had not been provided to the Plaintiffs' Fourth Set of Discovery Responses, although, as confirmed by Plaintiffs, Defendants did produce various responsive documents. Defendants further contended that despite failing to provide written responses Plaintiffs' requests, that Defendants had provided all documents responsive to those requests.

As ordered at the hearing, Plaintiffs' Motion is granted. Defendants may not simply rely on oral statements regarding the production of documents responsive to the

4

Plaintiffs' Interrogatories and Request for Production of Documents. Rather, Defendants must provide written responses to those Requests. Accordingly, as ordered at the hearing, Defendants must provide written responses to Plaintiffs' Fourth Set of Interrogatories and Requests to Produce on or before September 24, 2010.

### B. Plaintiffs' Motion for Sanctions

In the Motion for Sanctions, Plaintiffs request that the Defendants be sanctioned for failing to comply with the Court's June 24, 2010 Order (DE # 161). Specifically, Plaintiffs allege that Defendants failed to:

1. Provide complete contact information for persons at hotels where Plaintiffs were dispatched to work as requested in Interrogatories ## 1 and 2;

2. Appropriately identify hotels that Defendants contend may share liability in this matter as requested Interrogatory ## 9 and 11;

3. Produce documents related to other claims and lawsuits other than those where Plaintiffs' current counsel represented the claimants as requested in Request for Production ## 20 and 21;

4. Produce complete contracts between Defendants and hotels as requested in Request for Production # 23;

5. Produce communications between Defendants and hotels where no contracts were executed as requested in Request for Production # 24;

6. Provide complete copies of "ANEXO B", a document allegedly produced during the course of the Ritz Carlton inspection which contains signatures of Niagara "employees" who worked at the Ritz. Plaintiffs contend that they have "ANEXO C" which was connected to "ANEXO B" but that the Defendants removed "ANEXO B" from the documents provided to the Plaintiffs, after the Plaintiffs requested a copy of that document.

(DE # 192 at 2-4). In addition, Plaintiffs assert that Defendants failed to provide any evidence of payments to be used as set off payments owed to Plaintiffs despite the Parties' agreement that Defendants would produce such information by June 2, 2010.

Defendants filed a Response to the Motion to Compel asserting that:

5

1. All of the responses to Plaintiffs' Second set of discovery requests were produced regarding the identity of contact persons at the hotels where the Plaintiffs worked. Defendants contend that this information was provided under oath at the depositions of the Defendants' witnesses or former employees (DE # 178 at 3);

2. Defendants have identified the hotels that they contend may share in liability as those hotels which the Plaintiffs have issued Third Party Subpoenas (DE # 178 at 3);

3. Defendants have produced all the pages for the relevant contracts that are in their possession;

4. There is no such document as "Anexo B" (DE # 178 at 4).

(DE # 178). Defendants further asserted that Plaintiffs' Motion for Sanctions is really a red-herring designed to distract the Court from the fact that the Plaintiffs have failed to provide government issued identification for 12 of the Plaintiffs as required by the Court's June 26th Order (DE # 178 at 5). Defendants contend that rather than producing Government-issued ID, the Plaintiffs have provided "USI" identification cards which Defendants describe as "home-made" and further allege that Plaintiffs have provided fake identifications for six of the Plaintiffs.

At the hearing, on the Motion for Sanctions, the Court entertained argument from the Parties on each of the discovery requests at issue. Thereafter, the Court ruled as follows on the individual interrogatories and request for production:

1. <u>Interrogatories</u>

   a. <u>Interrogatory No. 1</u>

Interrogatory No. 1 requested the identity and contact information for people having information about facts of this case. In response to this Interrogatory in the June 26, 2010 Order, the Court ordered the Defendants to verify that they had identified the appropriate persons at the hotel properties where the Plaintiffs were dispatched,

including those persons who, although not corporate representatives of the hotel, contacted or communicated with Niagara regarding the placement of Niagara workers at the particular hotel property, and supplement their Response to this Interrogatory, accordingly.

At the hearing, Plaintiffs contended that Defendants have still failed to provide the names of the contact persons and the persons most knowledgeable at the hotels where Niagara workers were dispatched. Plaintiffs asserted that at the deposition of one of the Defendants' witness, Julieta Cespedes, the person who Defendants designated as most knowledgeable in this area, Ms. Cespedes failed to provide complete information for the contact persons at the hotels where Plaintiffs were assigned, including being unable to provide the last name or identifying information for those contact people.

Defendants responded that the witness had testified as to those person's names that she remembered and further that Defendants had provided Plaintiffs with all of the relevant information that Defendants had in their possession.

As ordered at the hearing, Defendants must provide Plaintiffs with information for contact persons or the persons with the most knowledge regarding Plaintiffs' jobs at the hotels where Plaintiffs were dispatched to work. Specifically, the Defendants must produce a list of the full names of the contact persons at the relevant hotels, to the extent known by the Defendants.

b. **Interrogatory No. 2**

Interrogatory No. 2 requested the substance of the knowledge that the witnesses identified in Interrogatory No. 1 have related to this action. Again, Plaintiffs indicated that Defendants have failed to provide this information. At the hearing, Defendants contended that they did not know what the contact persons at the hotels might say with

respect to the work performed by Plaintiffs in this case.

As ordered at the hearing, the information must be provided with respect to the substance of the knowledge that Defendants believe the persons identified in response to Interrogatory No. 1 possess. In other words, Defendants may not just list the names of the persons identified in Interrogatory No. 1, but rather must provide specific information about the knowledge held by those persons related to this action. If the Defendants spoke to people at the hotel, Defendants shall state the general nature of the conversations with those people to the extent those conversations relate to Plaintiffs' claims raised in this action. Accordingly, Defendants must supplement their response to this interrogatory consistent with this Order.

   c. <u>Interrogatory No. 9</u>

Interrogatory No. 9 requested information about those persons who have custody or control over certain documents, photographs and other materials that contain relevant information to any fact raised in this case. At the previous hearing on Plaintiffs' Motion to Compel, Defendants were ordered to verify that any person with knowledge regarding the requested materials had been properly identified as required in interrogatory No. 1 and further to identify those same persons with knowledge of the documents relevant to this action in response to this Interrogatory.

At the hearing on the instant Motion for Sanctions, Plaintiffs contended that Defendants had still failed to properly respond to the Interrogatory as ordered by the Court. Defendants, on the other hand, contended that the answers were provided by letter, as agreed to by the Parties and the persons identified by Defendants were deposed by Plaintiffs. In addition, Defendants stated that there is no one else who would have custody of those items.

Based upon the Parties' representations, at the hearing, the undersigned directed the Defendants to provide a Verified Response to Interrogatory No. 9, stating that no other persons were known to Defendants who had custody or control over the documents or materials specified in that Interrogatory.

### d. Interrogatory No. 11

Similarly, in the Motion for Sanctions related to Interrogatory No. 11, Plaintiffs contend that Defendants have still failed to respond fully to this request which seeks the identity of other entities that Defendants believe may have liability in this matter despite this Court's order directing Defendants to do so. Specifically, in the Court's previous Order related to this Interrogatory, the Court directed the Defendants to supplement their responses to fully respond to this interrogatory.

At the hearing on the Motion for Sanctions, Plaintiffs stated that during the depositions of Defendants' witnesses that the witnesses failed to provide all of the names of the hotels where Plaintiffs worked, and further asserted that many of the contracts that were produced between Niagara and the hotels were missing pages.

As ordered at the hearing, Defendants must produce a list of hotels, the addresses for the hotels, and the contact person for the hotels where the Plaintiffs worked and provide the missing pages for the contracts produced to Defendants, if in the Defendants' possession. It is not sufficient for Defendants to direct the Plaintiffs to the deposition transcripts of certain witnesses, but rather Defendants must produce a written list responsive to this interrogatory, which should correspond with the information provided in response to Interrogatory No. 1.

### 2. Requests For Production

At the hearing, the Parties also indicated that they were unable to resolve certain

issues related to the Plaintiffs' Fourth Request for Production of Documents. After listening to the arguments of the Parties on the unresolved issues, at the hearing, the Defendants were directed to respond to certain of the Plaintiffs' Request for Production, as follows:

      a.    <u>Request for Production Nos. 20 and 21</u>

In Request for Production of Documents Nos. 20 and 21, Plaintiffs sought information related to prior claims and law suits against the Defendants. In the Court's June 24, 2010 Order on the Plaintiffs' Second Set of discovery requests, Defendants were directed to produce documents reflecting other claims and/or lawsuits brought against the Defendants for those actions where plaintiffs were not represented by the Plaintiffs' Counsel in this action.

At the hearing on the Motion for Sanctions related to these Requests, it was clear that Defendants provided information about two or three prior lawsuits but had failed to identify all law suits and claims responsive to this request. Specifically, although Defendants stated that they had produced all law suit and claim information, Defendants did not provide information related to actions filed in this Court and accessible on the Court's online docketing system, CM/ECF and/or PACER. Thus, as ordered at the hearing, Counsel for Defendants shall double-check with his clients regarding prior lawsuits and claims made against them, and supplement any response to this request by identifying all such claims or actions.

      b.    <u>Request for Production No. 23</u>

In the Motion for Sanctions and at the hearing on the Motion, Plaintiffs asserted that in response to Request for Production Number 23, the Defendants still have failed to produce complete contracts between the Defendants and the hotels or business where

the invoices for the Plaintiffs worked, but have instead have produced many incomplete contracts that are missing pages.

Defendants responded that they have produced the contracts or those portions of the contracts that are in their possession.

As stated at the hearing, Defendants must produce the complete contracts between Defendants and the hotels where Plaintiffs were dispatched.  If Defendants do not have complete contracts, Defendants must state so in a written response to Plaintiffs' Request for Production on this issue.

        c.      <u>Request for Production No. 24</u>

In the Motion for Sanctions and at the hearing on the Motion, Plaintiffs asserted that Defendants have not provided a proper response to Request for Production Number 24, which requests copies of communications between the Defendants and third parties reflecting the duties and assignments of the hospitality workers provided by the Defendants to the hotels.  As previously ruled in the Court's June 26, 2010 Order, the Defendants must produce communications regarding work performed by the Plaintiffs, including the Opt-In Plaintiffs, as well as communications related to the job assignments, duties, hours and compensation for those hotel entities where no contract between the Defendants and the hotels has been provided to the Plaintiffs.  If Defendants contend that they have provided all of the documents responsive to this request, Defendants shall so state in a written response to this request.

        3.      <u>Production of "ANEXO B" Document</u>

In this portion of the Motion for Sanctions, Plaintiffs assert that after jointly reviewing the documents with Counsel for Defendants at the Ritz Carlton as directed by this Court in the June 26, 2010 Order, at least one document, ANEXO B, which Plaintiffs'

11

Counsel selected to be copied, was removed from the stack of documents and ultimately not produced to the Plaintiff.

Defendant conversely asserted in their Response that the document identified by Plaintiffs' Counsel as ANEXO B, does not exist and that, so far as Counsel for Defendant knows, all of the documents that Plaintiffs' Counsel requested to be copied at the Ritz Carlton, were copied and produced to Plaintiff.

At the hearing, the undersigned heard argument from both of the parties regarding the facts surrounding the joint review and copying of the documents at the Ritz Carlton.  Counsel for Plaintiffs asserted that there were approximately twenty (20) copies of the ANEXO B in the file cabinet and she pulled out one copy and handed it to a Ritz employee to copy, along with a number of other documents. However, Counsel for Plaintiff admitted that she did not review the copies that were given back to her prior to leaving the premises of the Ritz.

Based upon the arguments of Counsel, as ordered at the hearing, the Defendants shall make the filing cabinet at the Ritz available for Plaintiffs' Counsel to search for the ANEXO B document and retrieve the document for copying on or before September 20, 2010.  If Defendants locate a copy of the document, Defendants may simply produce the document to Plaintiffs.

   4. **Set-Off Information**

At the hearing, Plaintiffs also raised issues related to any "set-off" amounts that Defendants intended to raise in this action as indicated in their Affirmative Defenses. The Defendants made clear at the hearing that the only "set-off" amounts related to the wages already paid to the Plaintiffs.  Thus, to the extent that this issue remained in dispute, it is now moot.

5. <u>Sanctions</u>

Although the Defendants have failed to respond completely to Plaintiffs' Second Set of discovery requests as addressed in the Court's June 24, 2010 Order, the undersigned opines that sanctions are not warranted at this time.  However, both Parties are cautioned that the failure to comply with the Court's orders may result in the imposition of sanctions including the striking of affirmative defenses or dismissal of this action.  Further, as stated at the hearing, based upon the seemingly uncooperative conduct of both Parties through the course of discovery in this action, the undersigned will not award attorney's or costs associated with bringing the instant motions.  In addition, the Parties are ordered to personally consult with one another prior to filing any additional discovery motions.  Accordingly, Defendants are ordered to serve all of the supplemental verified responses and produce the responsive documents to Plaintiffs' Second Set of discovery requests, as set forth above, on or before September 24, 2010.

C. <u>Motions to Strike</u>

In addition to the Motions discussed above, the Parties filed a series of Motions pertaining to Defendants' Motion to Strike Parties and Dismiss With Prejudice the "Consents to Join" filed by Various Plaintiffs and Opt-In Plaintiffs (DE # 164). Specifically, currently pending before the Court are Plaintiffs' Motion to Strike Defendants' Motion to Strike Parties and Dismiss with Prejudice (DE # 175), Plaintiffs' Motion to Strike DE 177 and DE 178 (DE # 191); and Defendants' Motion to Redact Exhibits (DE # 193).  The Parties have filed responses to the Motions, and the undersigned ruled as follows on the Motions at the hearing.

1.  <u>**Plaintiffs' Motion to Strike Defendants' Motion to Strike Parties and Dismiss with Prejudice**</u>

In this Motion, Plaintiffs seek to strike Defendants' Motion (DE # 164) to Strike certain "Consents to Joins" filed by various Plaintiffs (DE # 175).[1]  Defendants have filed a Response to this Motion (DE # 177) and Plaintiffs have filed a Reply (DE #188).  In the Motion, Plaintiffs, *inter alia*, take issue with Defendants' argument in the Defendants' Motion to Strike that Plaintiffs failed to provide government issued identification to Defendants as ordered by this Court (DE # 175 at 2).  Plaintiffs further contend that they are not required to provide Social Security numbers in FLSA cases and assert that they have provided the unredacted consents to join as required by this Court (DE # 175 at 8).  Plaintiffs state that in the depositions of Plaintiffs, Defendants inquired about the status (immigration) of the Plaintiffs upon entry to this country and work authorization after entry (DE # 175 at 5).  Thus, Plaintiffs contend that the Defendants improperly continue to raise issues related to immigration status as part of their defense in this matter.  In addition, Plaintiffs assert that the Defendants should not have brought a Motion to Strike claims but rather should have sought additional relief from the Court if the Defendants deemed the identification provided by the Plaintiffs was insufficient (DE # 175 at 7).

Defendants respond that the Plaintiffs statements are patently false and that the Plaintiffs have failed to provide the information required by the Court's Order regarding the Plaintiffs' identification.  Defendants also assert that certain Plaintiffs still must provide identification because they did not provide any identification at their depositions (DE # 177 at 5).  Also, Defendants assert that one of the Plaintiffs has already sued the

---

[1] The underlying Motion to Strike "Consents to Joins" (DE # 164) filed by Defendants is a dispositive motion that has not been referred to the undersigned.

14

**Defendants and settled the case but contend that someone is using his identification to join as a Plaintiff in this case (DE # 177 at 7).**

**As ordered at the hearing, Plaintiffs' Motion to Strike is denied. Although Plaintiffs acknowledge that a motion to strike is a procedural tool used by courts to remove scandalous, immaterial or improper matter from the record (DE # 175 at 4), Plaintiffs nonetheless submitted the instant motion to strike in lieu of providing a substantive response to the Defendants' Motion to Strike Consents to Join. Such is an improper use of the motion to strike tool. Rather, if a motion is not well-taken, the opposing party should request that the motion be denied, rather than stricken. See, *Federal Deposit Ins. Corp., v. Werner*, 2010 WL 796770 \*1 (N.D. Ohio March 2, 2010) (*citing Dawson v. City of Kent*, 682 F.Supp. 920 (N.D. Ohio 1988), aff'd, 865 F.2d 257 (6th Cir. 1988) and opining that a motion that is not well-taken, should be denied, not stricken).**

**In addition, Plaintiffs attempt to use the instant Motion to Strike to assert that Defendants are not entitled to obtain certain information related to the immigration status of the Plaintiffs despite this Court's Order limiting such discovery (DE # 175 at 6). However again, this is not a proper use of a motion to strike. Accordingly, Plaintiffs' Motion to Strike Defendants' Motion to Strike is denied.**

**Finally, Plaintiffs have failed to file a substantive response to Defendants' Motion to Strike (DE # 164), having elected instead to file a motion to strike the Defendants' Motion. Therefore, as ordered at the hearing, the Plaintiffs must file a Motion Responsive to the Defendants' Motion to Strike on or before September 20, 2010.[2]**

---

[2] **After the hearing on the Motions, Plaintiffs filed a Motion seeking a one-day enlargement of time to file a Response to the Defendants' Motion to Strike (DE # 217).**

### 2. Plaintiffs' Motion to Strike DE 177 and DE 178; and, Defendants' Motion to Redact Exhibits

In this Motion, Plaintiffs seek to strike Defendants' Response in Opposition to the Plaintiffs' Motion to Strike the Defendants' Motion to Strike and Plaintiffs' Motion for Sanctions. The gist of Plaintiffs' Motion is that after Plaintiffs filed a Motion seeking to strike Defendants' Motion to Strike the Consents to Join (DE # 164), Defendants filed an opposition which included the identification cards of Plaintiffs which contained personal information about the Plaintiffs including their birth dates. In addition, Plaintiffs seek to strike Defendants' Response to Plaintiffs' Motion for Sanctions (DE # 178) which disclosed the same information. Plaintiffs also seek attorney's fees related to bringing the Motion to Strike.

Defendants admit that the disclosure of Plaintiffs' personal information was in error and assert that Defendants agreed to redact the improper information immediately upon learning of the error (DE # 197 at 2). Defendants have also filed a motion to redact the responses (DE # 193). Plaintiffs have opposed Defendants' request to redact the information and thus the private information remains open to the public due to the Plaintiffs' opposition. Defendants also contend that the Plaintiffs violated the same rules by filing birth information related to certain defense witnesses (DE # 197 at 4).

As ordered at the hearing, Plaintiffs' Motion to Strike is denied. The undersigned concludes that the appropriate remedy for the Defendants' error is not to strike the Defendants' responses at issue in their entirety, but rather to redact and/or seal those portions of the Responses that improperly allow Plaintiffs' personal information to be

---

That Motion was granted by the undersigned, thereby making the Plaintiffs' Response to the Defendants' Motion due on or before September 21, 2010 (DE # 219).

viewed by the public.  Accordingly, Defendants' Motion to Redact Exhibits is DENIED, however, the portion of the documents at issue shall be sealed, which will accomplish the desired result of protecting the privacy interests of Plaintiffs.

### III. CONCLUSION

Based upon the foregoing and upon a thorough review of the record, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Responses and Documents to Plaintiffs' Fourth Set of Interrogatories and Fourth Request for Production to Defendants (DE # 156), **GRANTED**.  Defendants shall provide verified written responses to Plaintiffs' Fourth Set of discovery requests on or before September 24, 2010.  It is further

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Sanctions (DE # 161) is **DENIED.**  Defendants shall provide all supplemental verified responses to Plaintiffs' Second Set of Interrogatories and produce all documents responsive to Plaintiffs' Second Set of Requests to Produce on or before September 24, 2010.  It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Defendants' Motion to Strike Parties and Dismiss with Prejudice (DE # 175) and Plaintiffs' Motion to Strike DE 177 and DE 178 (DE # 191) are **DENIED.**  It is further

**ORDERED AND ADJUDGED** that Defendants' Motion to Redact Exhibits (DE # 193)  is **DENIED.**  It is further

**ORDERED AND ADJUDGED** that the Clerk of Court shall seal Exhibit # 2 of DE # 177, Defendants' Response to Plaintiffs' Motion to Strike Defendants' Motion to Strike, and Exhibit # 1 of DE # 178, Defendants' Response to Plaintiffs' Motion for Sanctions.  In

addition, the Clerk of Court shall seal Exhibit ## 1 and 2 of DE # 193, Defendants' Motion to Redact Exhibits.

**DONE AND ORDERED** in chambers in Miami, Florida on September 23, 2010.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
          United States District Judge
All counsel of record**