UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22645-CIV-UNGARO

CILIA RODRIGUEZ, *et al.*,

    Plaintiffs,

v.

NIAGARA CLEANING SERVICES, INC., *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR ATTORNEYS' FEES

THIS CAUSE is before the Court upon Plaintiffs' Motion for Attorneys' Fees and Costs. (D.E. 261.)

THE COURT has carefully considered the Motion, the Defendants' Response, and the pertinent portions of the record and is otherwise fully advised of the premises.

The Court referred Plaintiffs' Motion to Magistrate Judge Andrea M. Simonton, who issued a Report and Recommendation (D.E. 266) concluding, in relevant part, that Plaintiffs are entitled to an award of attorneys' fees in the amount of $81,409.12. In the same Report, Judge Simonton recommends an award of costs for which Plaintiffs moved in a separate motion. The Court previously entered an Order on Plaintiffs' Motion for Bill of Costs (D.E. 269), and does not consider here Plaintiffs' Motion for Bill of Costs or Judge Simonton's recommendations with respect to that issue.

Defendants filed timely objections to Judge Simonton's Report. (D.E. 267.) Plaintiffs filed a Response to Defendants' Objections, addressing Defendants' arguments but raising no objections and requesting this Court to adopt the Magistrate Judge's Report and

Recommendations. (D.E. 268.) The Motion is fully briefed and is ripe for disposition. The Court reviews Judge Simonton's Report and Recommendations *de novo*.

Jurisdiction to Award Attorneys' Fees

As a preliminary matter, Defendants maintain that this Court lacks jurisdiction to award Plaintiffs attorneys' fees. The Court previously addressed this issue in its Omnibus Order denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (D.E. 245.) The Court will briefly readdress the issue of subject matter jurisdiction, however, in light of *Dionne v. Floormasters Enterprises, Inc.*, 647 F.3d 1109 (11th Cir. 2011), which was decided after this Court's ruling and is now cited by Defendants as controlling authority.

By way of background, during the pendency of this case, Defendants attempted to avoid liability for attorneys fees by tendering to the plaintiffs the amount each plaintiff claimed for unpaid wages and liquidated damages. Defendants then motioned to dismiss, arguing that their actions rendered plaintiffs claims moot. Had Defendants taken this action prior to any litigation, they may well have rendered Plaintiff's claims moot. But by the time Defendants acted, Plaintiffs had already engaged in a substantial amount of litigation and attorneys fees had become part of the case and controversy before this Court. Therefore, as stated in the Court's prior order (D.E. 245), the tender of payment to Plaintiffs failed to resolve their claims in their entirety, specifically it failed to include an offer to pay reasonable attorneys fees and costs.

Defendants now argue that under *Dionne*, the tender of the amount claimed in unpaid wages to the plaintiff automatically and immediately divests the court of subject matter jurisdiction, prohibiting the court from subsequently awarding the plaintiff

attorneys' fees. Defendants argue that, applying this holding to the case at bar, the Court has lacked subject matter jurisdiction since the time the Defendants tendered to Plaintiffs the amount they claimed in unpaid wages.

Defendants' reading of *Dionne* is overly-broad and unpersuasive. The narrow issue before the Eleventh Circuit in *Dionne* was whether, under the Fair Labor Standards Act (FLSA), a defendant can be required to pay attorneys fees even though the plaintiff has not received a judgment in its favor. *Id.* at 1110. The Eleventh Circuit does not even reach the issue of subject matter jurisdiction. *Dionne* holds only that, as a matter of statutory construction, the FLSA requires that a plaintiff receive a judgment in his favor to be entitled to an award of attorneys' fees and costs. *Id.* at 1114.

This holding is consistent with the Court's prior ruling in this case. Plaintiffs in this action, unlike the plaintiffs of *Dionne*, only accepted Defendants' tender of payment pursuant to a Rule 68 Offer of Judgment. This Court entered a Final Judgment in favor of Plaintiffs. (D.E. 252.) This Court therefore finds that it has sufficient jurisdiction to award attorneys' fees to the Plaintiffs, and that Plaintiffs, having received a judgment in their favor, are entitled to an award of attorneys' fees. Fair Labor Standards Act, 29 U.S.C. § 216(b).

Objections to the Magistrate's Report

Judge Simonton's Report applies the well-established lodestar method of calculating attorneys fees. *See Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (establishing and applying lodestar method to calculate attorney fees). Under this method, the Court first arrives at a lodestar figure by multiplying an attorney's reasonable hourly rate by the reasonable number of hours the attorney expended in

litigation. *Id.* In cases where plaintiffs have achieved only partial success on their claims, this lodestar figure may be an excessive amount. *Hensley v. Eckerhart*, 461 US 424, 436 (1983). Therefore, in such circumstances, the court may adjust the lodestar figure to account for a plaintiff's limited success. *Bivens v. Wrap It Up*, 548 F.3d 1348 (11th Cir. 2008). The court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. *Id.*

Plaintiffs bear the initial burden of providing the Court with specific and detailed evidence documenting the appropriate hours and hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Once this initial burden is met, defendants have an obligation to aid the Court by responding with specific and reasonably precise objections. *Id.*

Neither party objects to Judge Simonton's use of the lodestar method, however there is a dispute as to its application to the facts of this case. This is a case in which Plaintiffs achieved only partial success on their claims. Although Plaintiffs sought to recover for many workers by means of a class action, ultimately class certification was denied and Plaintiffs recovered only for themselves as named plaintiffs. The parties agree that because of Plaintiff's limited success, awarding compensation for the total number of attorney hours reasonably expended in the litigation as whole would be inappropriate.

The parties dispute, however, the degree to which Plaintiffs' fee award should be reduced. Plaintiffs request this Court ratify Judge Simonton's recommendation that their award be reduced by 30%. Plaintiffs ask the Court to recognize that prior to the 30% deduction, and in light of their limited success, Plaintiffs had already exercised billing judgment to substantially reduce the hours for which they requested compensation.

Defendants object to the reasonableness of the total hours billed in this litigation

and to reasonableness of Judge Simonton's percentage reduction as insufficient. The thrust of both objections is that Plaintiff's fee award should be substantially reduced in light of their limited success. Hours billed in pursuit of class-action claims were not reasonably billed because the claim was ultimately unsuccessful. Plaintiff's attorneys fees should be subject to a substantial lodestar adjustment because they did not prevail in their class action claims.

Defendants appear to recommend that the Court both prune from the fee request specific hours spent litigating the unsuccessful class action, and additionally make an across-the-board adjustment in light of Plaintiff's limited success. Defendants state that the most logical approach is an across-the-board cut, but then go on to state that the court "must exclude time spent on discrete and unsuccessful claims."

This Court finds that making a reduction to the number of hours reasonably expended and making an additional reduction to the lodestar amount for the same reason (failure of class action claims) is inappropriate. While the Court can attempt to carve out and deem incommpensable hours spent on unsuccessful claims, or it can make an across-the-board reduction of the total award, it cannot do both. *See Bivens*, 548 F.3d at 1351 (finding that district court erred by making multiple downward adjustments for same reason). To do so would be to double-discount Plaintiff's award. The Court, therefore, rejects Defendant's proposition that the Court exclude specific hours and then further reduce the lodestar amount.

The Court further finds that an hour-by-hour excision is not possible on the evidence presented in this case. The majority of Plaintiffs' billing entries are not maintained in a manner that allows the Court to distinguish work related to the class-

action claims from work related to the named plaintiffs' individual claims. Each time entry lists the date the work was performed, the attorney or paralegal performing the work, the amount of time spent, and a brief description of the work performed. The descriptions are sufficiently detailed to allow the Court to determine whether the work was compensable legal work or noncompensable clerical work. The are sufficiently detailed to allow the Court to determine whether the time spent on each activity was appropriate. However, for the most part, they are not sufficiently detailed to determine whether the work performed was related to Plaintiffs' class action claims or Plaintiffs' individual claims. Additionally, as stated by Judge Simonton, at least some of the work related to the named-Plaintiff's claims was inextricably intertwined with time spent on class certification.

For these reasons, Judge Simonton declined and this Court declines to cut specific hours from the fee request, at least on the basis that the hours were billed for purposes of pursuing a class action.[1] This brings the Court to the second option–making a downward adjustment to the lodestar figure. The reduction must take into account the amount of time reasonably expended in the litigation as a whole as compared with the ultimate success of the plaintiffs. *Hensley*, 461 U.S. at 435.

Judge Simonton recommends a 30% reduction to the lodestar figure. In arriving at this amount, Judge Simonton takes into account that Plaintiff's primary aim in this case was to bring a class action, and that pursuit of this unsuccessful claim led them to bill substantially more time than they would have otherwise. Judge Simonton also takes into account that contentious litigation strategy of the Defendants, the fact that the case required significant

---

[1] The Court does affirm Judge Simonton's reduction of specific hours on other bases, for example, on the basis that an hour billed constituted clerical rather than legal work and is thus noncompensable.

time and labor to litigate, that the matter did not raise particularly novel or difficult questions, and the fact that Plaintiffs exercised substantial billing judgment prior to submitting their fee request.

Defendants object that Judge Simonton gives Plaintiffs too much credit for exercising billing judgment. As stated above, the Court is required view the extent of Plaintiff's success relative to the amount of time reasonably expended in the litigation as a whole. Because Plaintiffs did not provide billing records for all of the hours expended in the litigation, the Court can only estimate that figure. Plaintiffs provided the Court only with an accounting of the hours for which the seek to be compensated. Plaintiffs offer evidence, by way of attorney affidavits, that they exercised billing judgment to remove 536.16 hours from their fee request. However, the hours they removed through billing judgment are not documented in detail before the Court. As Defendants point out, this makes it impossible to accurately determine and verify the amount of hours reasonably expended on the litigation as a whole.

In such circumstances, the Court must use its discretion on the information before the Court. The Court rejects Defendants' assertion that it is not entitled to rely on the affidavits of the parties. *See ACLU*, 168 F.3d at 428 (finding that Court may rely on affidavits as well as its own knowledge and expertise). The Court relies on Plaintiff's affidavits. However, the bald statement that Plaintiff's billed a total number of 1,099.43 reasonable hours as is entitled to significantly less weight than a detailed accounting of all of the hours that were billed that is open to the scrutiny of the opposing party and of the Court.

In this specific case, there is reason to believe that Plaintiff's claim of the total hours billed is inflated. This finding is based on the fact that, from the hours presented to the Court, several had to be removed for being noncompensable. Because Judge Simonton's Report does not take into account that Plaintiff's total requested hours are inflated, and because the Court

finds that, within the hours documented by Plaintiff, a small percentage had to be deducted for being noncompensable, the Court finds it appropriate to reduce Plaintiff's fee award by an additional 5%.

Defendants raise a number of additional objections in addition to those discussed above. (D.E. 263.) The Court has carefully reviewed all of Defendants' objections and finds that Defendants have presented no new information or analysis that warrants additional relief. Many of Defendants objections are arguments reprised from their Response to Plaintiff's Motion for Attorneys' Fees, and in some instances they are repeated word-for-word. (D.E. 263.) The Court finds that these arguments were correctly and thoroughly addressed by Judge Simonton's Report, and thus finds in unnecessary to reengage them here.

Upon *de novo* review of the record, it is

ORDERED AND ADJUDGED that the Magistrate Judge's Report (D.E. 266) is RATIFIED, ADOPTED, AND AFFIRMED IN PART: Plaintiffs' Motion for Attorneys' Fees is GRANTED IN PART, Plaintiffs are awarded attorneys' fees in the amount of $ 77,338.66.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of October, 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of record